**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-1658**

---

MASTEC NORTH AMERICA, INCORPORATED, a Florida
corporation,

Plaintiff - Appellant,

versus

NEXTIRAONE FEDERAL, LLC, a Delaware limited
liability company,

Defendant - Appellee.

---

**No. 06-1717**

---

MASTEC NORTH AMERICA, INCORPORATED, a Florida
corporation,

Plaintiff - Appellee,

versus

NEXTIRAONE FEDERAL, LLC, a Delaware limited
liability company,

Defendant - Appellant.

---

Appeals from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonie M. Brinkema, District
Judge. (1:05-cv-01070-LMB)

---

Argued:  October 31, 2007          Decided:  February 22, 2008

Before WILKINSON and MOTZ, Circuit Judges, and Louise W. FLANAGAN, Chief United States District Judge for the Eastern District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Erik W. Scharf, Coconut Creek, Florida, for MasTec North America, Incorporated, a Florida corporation. Michael Allen Gatje, AKERMAN, SENTERFITT, WICKWIRE & GAVIN, Vienna, Virginia, for NextiraOne Federal, LLC, a Delaware limited liability company. **ON BRIEF:** Carter B. Reid, Vivian Katsantonis, Scott W. Kowalski, WATT, TIEDER, HOFFAR & FITZGERALD, LLP, McLean, Virginia, for MasTec North America, Incorporated, a Florida corporation. Donald G. Gavin, Jeffrey G. Gilmore, AKERMAN, SENTERFITT, WICKWIRE & GAVIN, Vienna, Virginia, for NextiraOne Federal, LLC, a Delaware limited liability company.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

MasTec North America, Incorporated ("MasTec"), a contractor for communications companies, utilities, and governments, brought this action against NextiraOne Federal, LLC ("NextiraOne"), also a communications contractor, alleging breach of a construction contract. MasTec alleged that NextiraOne breached the contract by, among other things, wrongfully terminating the contract and failing to pay MasTec for the work performed and its costs. NextiraOne counterclaimed, alleging, *inter alia*, breach of the same contract for failure to perform. After a bench trial, the court found in favor of NextiraOne on its breach of contract counterclaim, but found that no damages were proved. Both parties now appeal the court's rulings. We affirm.

I

On November 27, 2002, NextiraOne entered into a prime contract with the United States Department of the Army, promising to upgrade and modernize its post at Fort Rucker, Alabama. The contract involved three main categories of work: outside plant work ("OSP"), inside plant work ("ISP"), and data network installation ("DNI"). OSP work included excavation, the backfilling of trenches, and the installation of fiber optic and copper cable, conduits, and other equipment. ISP work involved the connection of the OSP cables to individual buildings on the post. The contract contemplated that

the DNI would occur after the completion of the OSP and ISP work. (See J.A. at 2462, 2465-66.)

On January 27, 2003, NextiraOne entered into a subcontract with MasTec. MasTec's job was to provide the OSP and ISP work on the project. (J.A. at 2323-61.) During the design phase, NextiraOne paid MasTec for its work; under the subcontract's "milestone" payment schedule, MasTec was entitled to payment for the construction phase of the project upon completion and acceptance by the United States Army. (See J.A. at 2361.)

Completion of the construction phase included the proper restoration of the construction areas, which paragraph 5.4.9 of the subcontract defines as "[r]estoration to the same condition as found prior to construction," completed "within 72 hours for all areas where no additional intrusion by heavy equipment is required." (J.A. at 2467.)

During the first half of 2004, United States Army representatives informed NextiraOne and MasTec personnel, orally and in writing, that MasTec was failing to adequately perform restoration work. (See J.A. at 2829, 2834-35.)

On June 9, 2004, NextiraOne sent a cure notice to MasTec stating that MasTec was failing to perform its subcontract obligations regarding installation work generally and restoration work particularly. (J.A. at 233.) In accordance with the termination provision of the subcontract, Section H.12, NextiraOne

4

notified MasTec that it was in breach of paragraph 5.4.9, the restoration provision of the subcontract, and had ten (10) business days from the date of the letter in which to cure the breach prior to NextiraOne taking legal action.

After issuance of the cure notice, MasTec personnel were informed, throughout June, July, and August of 2004, that MasTec was failing to adequately perform under the terms of the contract. (See J.A. at 2839-41, 2859, 2867-69, 244-55.) NextiraOne terminated MasTec by letter dated August 18, 2004, for failure to comply with the cure notice. (J.A. at 2669.)

In a decision issued from the bench upon conclusion of a five day trial, the court found in favor of the defendant on its counterclaim, and held that due to a "continuous and constant series of restoration problems," the "defendant therefore was justified in the termination." (J.A. at 2311.) Through communications such as "to do" lists prepared by inspectors and presented to MasTec, email communications between the parties, and face-to-face communications, MasTec was well-aware of the prevailing concerns. (See J.A. at 1579-97, 1926-31, 2829, 2839-41.) Thus, the parties were apprised periodically, and at times almost daily, of the "chronic and constant" difficulties, putting MasTec on "clear notice [as required by the Federal Acquisition Regulation, 48 C.F.R. § 52.249-8 (1984) ("F.A.R.")]." (J.A. at 2309.) Therefore, the court found, MasTec received "an adequate

5

cure notice as required under the [F.A.R.]." (J.A. at 2309.) However, the district court, having found that "the evidence in this record is all over the waterfront," determined that neither party "has proven by a preponderance of the evidence that it is entitled to any compensation in this case." (J.A. at 2311, 2315.)

## II

We have reviewed the record, briefs, and applicable law, and considered the oral arguments of the parties, and we are persuaded that the district court reached the correct result. We therefore affirm on the reasoning of the district court. See <u>MasTec North America, Inc. v. NextiraOne Federal, LLC</u>, No. 1:05-CV-1070 (E.D. Va. May 5, 2006).

<u>AFFIRMED</u>